IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**SOUTH CAROLINA INSURANCE COMPANY**                              **PLAINTIFF**

**V.**                                                                                       **NO. 3:04CV143-M-A**
                                                                                                                                         **NON-JURY**

**LAWRENCE MCKEE AND MONICA MCKEE ;
MIRANDA KEYMON, DANNIE KEYMON AND KIMBERLY
KEYMON, INDIVIDUALLY AND AS JOINT
ADMINISTRATOR OF THE ESTATE OF DAWSON KEYMON,
AND AS JOINT GUARDIANSOF CHARLES DYLAN
KEYMON, DANNIE KEYMON, AND KIMBERLY  KEYMON**        **DEFENDANTS**


**ORDER**

This cause comes before the court on the separate motions of defendants Miranda Keymon [5-1] and Dannie and Kimberly Keymon [7-1] to dismiss. Plaintiff South Carolina Insurance Company ("SCIC") has responded in opposition to the motions, and the court, having considered the memoranda and submissions of the parties, concludes that the motions are well taken and should be granted.

**FACTS**

The cast of judicial characters in this extraordinary complex litigation includes first and foremost the Tippah County Circuit Court, which has before it two separate tort lawsuits arising from the underlying automobile accident in this case. The first of these Tippah County lawsuits was filed by Dannie and Kimberly Keymon on October 11, 2002; the second was filed by Miranda Keymon on December 26, 2002. These lawsuits each include allegations that Lawrence McKee, acting through his business McKee's Stateline, negligently sold alcoholic beverages to Burton Waldon, a minor, resulting in a December 30, 2001 accident between Waldon's vehicle

and a vehicle occupied by several members of the Keymon family. This accident resulted in the death of 8-month old Dawson Keymon and injuries to Miranda, Dannie and Kimberly Keymon.

As noted previously, Dannie and Kimberly elected to assert their claims against McKee in a single action, but Miranda elected to file her own tort action against McKee in Tippah County Circuit Court. To date, these Tippah County actions do not appear to have been consolidated. In response to these lawsuits, SCIC informed its insured McKee that it would provide a legal defense, but under reservation of rights to later deny coverage. SCIC maintains that no coverage exists for the claims asserted against McKee, based upon an exclusion in the liability policy issued to him.

Soon after the underlying lawsuit was filed in state court, this litigation turned to the Bankruptcy Court for the Western District of Tennessee, based upon a Chapter 11 bankruptcy petition which had previously been filed in that court by McKee. On July 23, 2003, the Tennessee bankruptcy court entered an order lifting the automatic stay as to Miranda Keymon, but only to the extent "that there is insurance coverage which would provide coverage for Miranda Keymon's tort claim." On April 15, 2004, SCIC filed an adversarial proceeding in the Tennessee bankruptcy court, seeking an order that no coverage existed under the SCIC liability policy for the claims asserted in the Tippah County lawsuits. However, the Tennessee bankruptcy court declined to accept jurisdiction over this state law coverage matter, choosing instead to abstain from hearing the coverage issues.

At this point, SCIC and the Keymons each sought to litigate the insurance coverage issues in forums of their choosing. On July 19, 2004, Miranda Keymon filed a motion to add SCIC as a defendant in her Tippah County action; Kimberly and Dannie Keymon later amended their own

2

complaint to likewise assert coverage claims against SCIC. Preferring to have a federal court decide coverage issues, SCIC filed the instant petition for declaratory relief in this court on July 29, 2004.

On March 21, 2005, yet another court entered the cast of judicial characters in this case, namely the Court of Common Pleas for the Fifth Judicial Circuit of Richland County, South Carolina. On that date, the South Carolina state court entered an order declaring SCIC insolvent and commencing liquidation proceedings against this insurer. According to the order, "no action at law or equity shall be brought against the respondents (South Carolina Insurance Company) or the liquidator or her designee in this state or elsewhere, nor shall such existing actions be maintained or further presented after issuance of this order of liquidation." On April 13, 2005, SCIC filed with this court a "notice of stay" on the basis of the order entered by the South Carolina court.

This court presently has before it motions by the Keymons to dismiss the instant declaratory judgment action in deference to the separate actions presently pending in Tippah County Circuit Court. The court does not interpret the stay entered by the South Carolina court as precluding consideration of these motions to dismiss. Indeed, the South Carolina court order merely provides that no action may be brought or maintained against SCIC, and it is clear that SCIC is the plaintiff, rather than defendant, in this action. Moreover, this court's order today does not address the merits of SCIC's coverage claims, but merely clarifies that the Tippah County Circuit Court is the proper forum in which to litigate them. It will be for the Tippah County Circuit Court to decide the effect of the stay entered by the South Carolina court upon the actual litigation of the coverage issues before it, and this court does not view this stay as

precluding a ruling on the motions to dismiss.[1]

## **LAW**

In moving to dismiss, the Keymons argue that this court should abstain from hearing this declaratory judgment action, in deference to the litigation pending in state court. Federal courts ordinarily have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress, and may only decline to exercise this jurisdiction in exceptional circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19, 96 S.Ct. 1236, 1246-48, 47 L. Ed. 2d 483 (1976). *See also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). In the declaratory judgment context, however, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)).

In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit Court of Appeals identified seven nonexclusive factors for a district court to consider in deciding whether to dismiss a declaratory action. These factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;

---

[1] Shortly before this court issued this order, it was informed by counsel that the stay issued by the South Carolina court either had been, or would soon be, lifted.

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91.

In the view of this court, the *Trejo* factors militate strongly in favor of dismissing the instant action. First and most importantly, there is a pending state action in which all of the matters in controversy may be fully litigated. Indeed, the underlying tort actions case were filed years prior to the instant declaratory action, and Miranda Keymon even joined SCIC as a coverage defendant in her Tippah County action prior to the filing of this action.[2] The fact that there is pending litigation in state court renders this case distinguishable from *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003), the primary authority relied upon by SCIC. Indeed, the Fifth Circuit in *Sherwin-Williams* appeared to place paramount importance

---

[2]Pursuant to a July 27, 2000 amendment to Rule 57(b) of the Mississippi Rules of Civil Procedure, an injured third party may now maintain a direct declaratory judgment action against a liability insurer, where that insurer has indicated that it may deny coverage of the injured party's claim. SCIC has, in fact, indicated that it may deny coverage in the present case, and it is therefore clear that the defendants herein may litigate the issue of whether coverage exists in the state court action. The 2000 modifications to Rule 57 render distinguishable certain pre-existing Fifth Circuit case law in the declaratory abstention context, most notably *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371, 373-74 (5th Cir. 1998).

In *Agora*, the Fifth Circuit held that a Mississippi district court abused its discretion in abstaining from hearing a declaratory judgment action, where state and federal proceedings were not truly parallel and judicial economy weighed in favor of the district court's entertaining the declaratory action. In *Agora*, the Fifth Circuit noted that the insurer was not a party to the state court "liability suit" and that the insurer could only bring the insurance issues before the state courts by "affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state court." *Agora*, 149 F.3d at 373. In the present case, by contrast, SCIC is, in fact, a defendant in the state court litigation, and, in light of the amendment to Mississippi Rule of Civil Procedure 57, coverage issues may now be litigated in the state court action.

5

upon the absence of parallel state court proceedings in concluding that the district court abused its discretion in electing to abstain from hearing that case. The Fifth Circuit in *Sherwin-Williams* stated that "although the lack of a pending parallel state proceeding did not require the district judge to hear the declaratory judgment action, it is a factor that weighs strongly against dismissal." *Id.* at 394.

Turning to the next *Trejo* factors, it does seem clear that SCIC filed this declaratory judgment action in anticipation of the state court action instituted against it[3] and that SCIC has sought to engage in forum shopping. While the Fifth Circuit in *Sherwin-Williams* noted that negative inferences should not necessarily be drawn from a litigant's desire to avail itself of federal jurisdiction, it is apparent that SCIC has already had "one bite at the federal jurisdiction apple" in this case. That is, SCIC first sought to have its coverage claims litigated in the bankruptcy court for the Western District of Tennessee, but that court elected to abstain from hearing these coverage issues. While the court recognizes that SCIC has a right to avail itself of federal jurisdiction, the fact that it has already unsuccessfully sought to do so militates in favor of a finding of impermissible forum shopping. As to the fourth *Trejo* factor, the court does not view the equities in the instant case as favoring either side, and this is accordingly a neutral factor. Moreover, it appears that this court and the Tippah County Circuit Court are equally convenient forums, and the court likewise views the fifth *Trejo* factor as a neutral one.

With regard to the sixth *Trejo* factor, this court views considerations of judicial economy as strongly favoring the motion to dismiss in this case. Indeed, if this court were to retain

---

[3]As noted previously, Miranda Keymon actually filed her declaratory judgment action in state court *prior* to the instant federal action.

jurisdiction, the coverage issues herein would be litigated simultaneously in state and federal court, subject to appeals before the Mississippi Supreme Court and Fifth Circuit Court of Appeals. In addition, this court and the Tippah County Circuit Court would each have to interpret various stays and other rulings entered by the Bankruptcy Court for the Western District of Tennessee as well as those entered in the liquidation proceedings pending in South Carolina state court. It seems clear to this court that the instant litigation would best be served by the involvement of fewer, rather than more, courts, lest it devolve into judicial chaos. In light of the amendments to Mississippi Rule of Civil Procedure 57, the Tippah County Circuit Court has full authority to litigate the coverage issues in this case, and the court sees no advantage to be gained by simultaneously litigating these issues in this court.

As to the final *Trejo* factor, it is abundantly clear that this court would in fact be called upon to "construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." That is, Dannie and Kimberly assert in their memorandum in response to the motion for summary judgment filed by SCIC that their motion for declaratory relief was granted by the Tippah County Circuit Court on December 21, 2004. Dannie and Kimberly argue that, in light of this ruling, the coverage issues in this case have already been resolved in their favor and that the ruling of the Tippah County Circuit Court has a *res judicata* effect in the instant case.

SCIC disputes this interpretation of the December 21, 2004 order, arguing that the circuit court merely ruled that the SCIC policy "does or may cover the claims or some of the claims raised in the complaint." SCIC argues that the "may" language in the state court order is equivocal and precludes any *res judicata* effect. In the view of this court, the uncertainty

7

regarding the effect of the December 21, 2004 order constitutes an additional compelling reason why this court should abstain from hearing this case. Clearly, the Tippah County Circuit Court is in a far better position to interpret and explain its own ruling than this court, and the issues relating to this order appear to be precisely the kind envisioned by the sixth *Trejo* factor as supporting abstention. It is apparent that litigation of the coverage issues in this case is already well underway in state court, and, to reiterate, the court sees no benefit to be gained by simultaneously litigating these issues in federal court. The court views the *Trejo* factors as overwhelmingly supporting abstention in this case, and the motion to dismiss is therefore due to be granted.

In light of the foregoing, the motions of defendants Miranda Keymon [5-1] and Dannie and Kimberly Keymon [7-1] to dismiss are hereby **granted**.

A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

**SO ORDERED**, this the 9th day of June, 2005.

                          /s/ **Michael P. Mills**
                          **UNITED STATES DISTRICT JUDGE**